FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 OCT 15 AM 11: 49

CLER... .. DIS .IRCT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ERIC SNOVER, on behalf of himself
and all others similarly situated,

Plaintiff,

CASE NO.: _8.15-cv-2434-T-26EAJ_

v.

PUBLIX SUPER MARKETS, INC.,

Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Eric Snover ("**Snover**" or "**Plaintiff**"), individually and on behalf of all others similarly situated, sues Defendant, Publix Super Markets, Inc. ("**Publix**" or "**Defendant**"), for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("**TCPA**"), and alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

Plaintiff brings this class action for damages and other equitable and legal remedies resulting from the illegal conduct of Defendant in negligently or knowingly and/or willfully placing calls to the cellular telephones of Plaintiff and putative Class Members for non-emergency purposes using an automatic telephone-dialing system without their prior express consent, in violation of the TCPA.



1

## JURISDICTION AND VENUE

1.  This Court has federal question jurisdiction over this matter because Plaintiff's claims arise from violations of the TCPA, which is a law of the United States.  This Court also has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds $5,000,000.00, as each putative Class Member is entitled to $500.00 per call negligently placed in violation of the TCPA, or $1,500.00 per call knowingly and/or willingly placed in violation of the TCPA, exclusive of attorney fees, pre-judgment interest, and costs.

2.  Under 28 U.S.C. § 1391, venue is proper in the Middle District of Florida (Tampa Division) because many of the acts giving rise to this action occurred in this District, Defendant conducts business in this District, and has intentionally availed itself of the laws and markets within this District.

## PARTIES

3.  Plaintiff, Eric Snover, is and was at all times relevant to this matter a resident of the state of Florida.

4.  Defendant, Publix Super Markets, Inc., is a Florida corporation.  At all times relevant to this matter, Defendant was a citizen of the state of Florida with a principal place of business in Lakeland, Florida.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227, *et seq.*

5.  The TCPA, 47 U.S.C. §§ 227, *et seq.*, was enacted by Congress in 1991 to address consumer complaints about rampant telemarketing practices.

6.  Section 227(b)(1)(A)(iii) bans the use of an autodialer to place telephone calls to cellular telephones unless the consumer has provided prior written consent to receive such calls, or the calls are placed for emergency purposes.

7. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, --US--, 132 S. Ct., 740, 745, 181, L. Ed. 2d 881 (2012).

8. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## NATURE OF THE ACTION

9. Publix is one of the ten largest-volume supermarket chains in the United States, and employs more than 176,500 associates at 1,103 supermarkets throughout Florida, Georgia, Alabama, South Carolina, Tennessee, and North Carolina. Approximately 900 of Publix's supermarket locations feature in-store pharmacies.

10. A principal part of Defendant's business is the provision of in-store pharmacy services.

11. In an effort to increase their bottom line and garner market share in the pharmacy services industry, Defendant engaged in a systemic marketing campaign involving artificial or prerecorded voice calls – commonly known as "robocalls" – to consumers' cellular telephone numbers to inform them that prescriptions were ready for pick up. However, Defendant did not obtain prior written express consent for these prescription service-related calls. Instead, Defendant queried its database of phone numbers for consumers who may have previously filled prescriptions at Publix pharmacies and placed autodialed calls to the cellular telephone numbers of these consumers, many of whom do not use Publix's prescription services and did not have

3

any prescriptions to pick up from Defendant's pharmacy. As a result, many consumers were automatically opted-in to Publix's autodial program, resulting in an obligation to affirmatively opt-out in order to avoid repeated, unsolicited autodialed calls.

12. Defendant's robocalls did not provide consumers the opportunity to opt out of or request the cessation of Defendant's calls. However, even when consumers attempted to opt-out by contacting Publix directly, Defendant ignored these requests and continued placing the illicit autodialed calls.

13. By placing the unsolicited autodialed calls to consumers' cellular telephone numbers, Defendant caused Plaintiff and Class Members to suffer actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited telephone calls, and the monies paid to their wireless carriers for the receipt of such calls.

14. Defendant repeatedly made, or caused to be made, unsolicited calls to consumers' cellular telephone numbers using an autodialer, in violation of the TCPA.

15. In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited cellular telephone calls and an award of statutory damages to Class Members under the TCPA, together with costs and reasonable attorneys' fees.

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. At all relevant times, Plaintiff was an individual residing in the state of Florida. He is a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff has been a Verizon Wireless subscriber and holder of his cellular telephone number, (850) XXX-8943, since at least 2010.

4

18. Between February 28, 2014 and November 6, 2014, Defendant placed thirteen (13) or more calls to Plaintiff's cellular telephone number. The calls originated from telephone number (850) 837-7133, which is associated with a Publix Pharmacy located in Destin, Florida. Each call used an artificial or prerecorded voice stating "This is Publix Pharmacy and your prescription is ready to be picked up," or words to that effect.

19. All of the calls were made using an ATDS, which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice and to dial such numbers, as specified by 47 U.S.C § 227(a)(1).

20. Defendant's prerecorded message, as received by Plaintiff, did not provide him the opportunity to opt out of or request the cessation of Defendant's autodialed calls.

21. Plaintiff never requested for any prescriptions to be sent to, transferred to, or filled by Defendant. Nor did any doctor send prescriptions to be filled by Defendant on Plaintiff's behalf.

22. Plaintiff did not provide his cellular telephone number to Defendant, nor did he ever provide prior express consent for Defendant to call his cellular telephone number regarding prescription services or any other subject matter.

23. Plaintiff has never patronized a Publix pharmacy.

24. After receiving several autodialed calls from Defendant regarding prescriptions being ready for pick-up, Plaintiff called Publix Pharmacy by dialing (850) 837-7133 on or about April 15, 2014. During this call, Defendant represented that the calls placed to Plaintiff were regarding a prescription ready for pick-up at a Publix pharmacy located in Destin, Florida. Plaintiff advised Defendant that he does not live in Destin, has never used this Publix pharmacy location, and did not have any prescriptions being filled by Defendant. He also asked Defendant to stop

calling his cellular telephone number. A Publix pharmacy employee assured him that the calls would stop.

25. Notwithstanding Plaintiff's request and Defendant's assurances that the calls would cease, Defendant continued to place autodialed calls using an artificial or prerecorded voice, as described in 47 U.S.C. § 227(a)(1), to Plaintiff's cellular telephone number regarding a prescription being ready for pick-up *after* he asked Defendant to stop calling him.

26. On or about April 23, 2014, Plaintiff placed another call to the Publix pharmacy in Destin and reiterated that he did not have any prescriptions being filled by Defendant. He again asked Defendant to stop calling his cellular telephone number. Defendant again assured Plaintiff that the calls would stop.

27. Despite Defendant's assurances to the contrary, Defendant continued to place autodialed calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number regarding a prescription being ready for pick-up.

28. On or about July 29, 2014, Plaintiff placed a call to the Publix pharmacy in Destin for a third time, and reiterated that he did not have any prescriptions being filled by Defendant. He again asked Defendant to stop calling his cellular telephone number. Defendant again assured Plaintiff that the calls would stop.

29. Notwithstanding Plaintiff's three (3) prior requests to Defendant to cease calling his cellular telephone number and Defendant's assurances that the calls would stop, Defendant placed at least five (5) more autodialed calls using an artificial or prerecorded voice to Plaintiff's cellular telephone number regarding a prescription being ready for pick-up.

30. The telephone number Defendant used to contact Plaintiff via an automatic telephone-dialing system was assigned to a cellular telephone service, as described in 47 U.S.C. § 227(b)(1)(A)(iii).

31. The pertinent calls were not placed for emergency purposes, as defined in 47 U.S.C. § 227(b)(1)(A).

32. Defendant's placement of calls using an automatic telephone-dialing system for non-emergency purposes and without Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

33. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3) and as detailed in the individual counts below, Plaintiff brings this action on behalf of himself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following persons ("the Class" or "Class Members"):

> All persons in the United States who, between October 15, 2011 and the present, (1) received a non-emergency call to their cellular telephone numbers; (2) through the use of an automatic telephone dialing system or an artificial or prerecorded voice; (3) from Publix Super Markets, Inc.; (4) regarding a pharmacy service.

The Class definition is subject to amendment as needed.

34. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their Court staff, and Plaintiff's counsel. Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress.  Members of the above-defined Class can be easily identified through Defendant's records.

**Numerosity**

35. At the time of filing, Plaintiff does not know the exact number of putative Class Members.  Defendant operates approximately 1,103 Publix supermarkets throughout Florida, Georgia, Alabama, South Carolina, Tennessee, and North Carolina.  Approximately 900 of these supermarket locations feature in-store pharmacies.  The volume of Publix supermarkets and in-store pharmacies affirms that Class Members likely number in the thousands or hundreds of thousands, and are geographically disbursed throughout the southeastern United States.

36. The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

**Predominance of Common Questions of Law and Fact**

37. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members.  The common legal and factual questions include at least the following:

> a. whether Defendant used an automatic telephone-dialing system to place calls to cellular telephones;
>
> b. whether between October 15, 2011 and the present, Defendant used an automatic telephone-dialing system to place calls to the cellular telephones of Plaintiff and putative Class Members;
>
> c. whether between October 15, 2011 and the present, Defendant used an artificial or prerecorded voice in connection with its placement of autodialed calls to the cellular telephones of Plaintiff and putative Class Members;

8

d.  whether Defendant is subject to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*

e.  whether Defendant can show that it obtained prior express consent from Plaintiff and putative Class Members to place calls to their cellular telephones using an automatic telephone-dialing system;

f.  whether Defendant's conduct violates the TCPA;

g.  whether Defendant's conduct was negligent;

h.  whether Defendant's conduct was knowing and/or willful;

i.  whether Defendant is liable for damages, and the amount of such damages;

j.  whether Plaintiff and putative Class Members are entitled to declaratory relief;

k.  whether Defendant should be enjoined from engaging in such conduct in the future; and

l.  whether Plaintiff and Class Members are entitled to any other remedy.

## Typicality

38. Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and Class Members have been injured by Defendant's uniform misconduct – the placement of calls to cellular telephone numbers for non-emergency purposes using an automatic telephone-dialing system without prior express consent.

39. Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members.  Further, a sufficient relationship exists between Defendant's conduct and the damages sustained by Plaintiff and putative Class Members.

<h3 style="text-align:center"><u>Adequacy</u></h3>

40. Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving TCPA violations. Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the Class.

<h3 style="text-align:center"><u>Superiority</u></h3>

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

a. The Class claims predominate over any questions of law or fact (if any) affecting only individual Class Members;

b. Absent a Class, the Class Members will continue to suffer damage and Defendant's violations of the TCPA and will continue without remedy;

c. Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts.

10

Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

e.  When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

f.  No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

g.  The litigation and trial of Plaintiff's claims are manageable;

h.  Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by placing calls to their cellular telephones for non-emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the Class; and

i.  Because Plaintiff seeks injunctive relief and corresponding declaratory and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendant.  Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action.  As a

practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability to protect their respective interests.   Consequently, class treatment is a superior method for adjudication of the issues in this case.

## CAUSES OF ACTION

### COUNT I
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. §§ 227, *et seq*.**

42. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 41.

43. Plaintiff asserts this cause of action on behalf of himself and the putative Class.

44. Without prior express consent, Defendant placed calls for non-emergency purposes to the cellular telephones of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called, and using an artificial or prerecorded voice.

45. The foregoing acts constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

46. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class Members are entitled to an award of $500.00 in statutory damages for each and every non-emergency call placed in violation of the TCPA.

47. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

48. Plaintiff and Class Members are also entitled to an award of attorney fees and costs.

## COUNT II
### Knowing and/or Willful Violation of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq.*

49. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 41.

50. Plaintiff asserts this cause of action on behalf of himself and the putative Class.

51. Without prior express consent, Defendant placed calls for non-emergency purposes to the cellular telephone numbers of Plaintiff and Class Members using an automatic telephone-dialing system with the capacity to store or produce telephone numbers to be called, and using an artificial or prerecorded voice.

52. The foregoing acts constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. §§ 227, *et seq.*

53. Pursuant to 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every non-emergency call placed in violation of the statute.

54. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

55. Plaintiff and Class Members are also entitled to an award of attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendant:

A.      $500.00 in statutory damages for each and every call negligently placed by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

B.      $1,500.00 in statutory damages for each and every call willfully placed by Defendant in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C.      Injunctive relief prohibiting future violations of the TCPA;

D.      An award of attorney fees and costs to counsel for Plaintiff's counsel;

E.      An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

F.      Any additional relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts so triable.


Dated:  October 15, 2015                    Respectfully submitted,


                                            **MORGAN & MORGAN**
                                            **COMPLEX LITIGATION GROUP**

                                            Jonathan B. Cohen (Florida Bar No. 0027620)
                                            Rachel Soffin (Florida Bar No. 018054)
                                            201 N. Franklin St., 7th Floor
                                            Tampa, FL 33602
                                            Telephone: (813) 223-5505
                                            Facsimile: (813) 222-2434
                                            jcohen@forthepeople.com
                                            rsoffin@forthepeople.com

                                            *Attorneys for Plaintiff*